UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 12-cv-81120-Hurley/Hopkins

ADT LLC,

      Plaintiff,

vs.

SECURITY NETWORKS, LLC and
VISION SECURITY, LLC,

      Defendants.

_____/

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants, SECURITY NETWORKS, LLC and VISION SECURITY, LLC (collectively "Defendants"), by and through undersigned counsel, hereby file their Answer, Affirmative Defenses and Counterclaim to Plaintiff's, ADT LLC, Complaint and state as follows:

## ANSWER

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore deny the same.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit it is a foreign limited liability company organized under the laws of Utah and that's principal place of business is as set forth in the Complaint. Vision admits that it is an affiliate of Networks as set forth in the Complaint.

{4060776:}

*ADT LLC v. Security Networks, LLC et al.*
*Case No.: 12-cv-81120-Hurley/Hopkins*
*Defendants' Answer, Affirmative Defenses and Counterclaim*

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint

9. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore deny the same.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. A response to paragraph No. 18 is not required at this time.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint and therefore deny the same.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore deny the same.

Case 9:12-cv-81120-DTKH   Document 14   Entered on FLSD Docket 11/21/2012   Page 3 of 14

*ADT LLC v. Security Networks, LLC et al.*
*Case No.: 12-cv-81120-Hurley/Hopkins*
*Defendants' Answer, Affirmative Defenses and Counterclaim*

25. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of the Complaint and therefore deny the same.

## FIRST CLAIM FOR RELIEF

26. A response to paragraph No. 26 is not required at this time.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint including all subparts of Allegation No. 32.

## SECOND CLAIM FOR RELIEF

33. A response to paragraph No. 33 is not required at this time.

34. Defendants admit to selling security systems and security services in the State of Florida, and deny all other allegations in paragraph No. 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint including all subparts of allegation No. 39.

## THIRD CLAIM FOR RELIEF

40. A response to paragraph No. 40 is not required at this time.

Case 9:12-cv-81120-DTKH   Document 14   Entered on FLSD Docket 11/21/2012   Page 4 of 14

*ADT LLC v. Security Networks, LLC et al.*
*Case No.: 12-cv-81120-Hurley/Hopkins*
*Defendants' Answer, Affirmative Defenses and Counterclaim*

41. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 41 of the Complaint and therefore deny the same.

42. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 42 of the Complaint and therefore deny the same.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint including all subparts of Allegation No. 45.

## FOURTH CLAIM FOR RELIEF

46. A response to paragraph No. 46 is not required at this time.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint including all subparts of allegation No. 49.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate any alleged damages, and as such, their claims are barred.

3. Plaintiff's claims are barred or otherwise precluded by the doctrine of estoppel.

4. Plaintiff's claims are barred or otherwise precluded by the doctrine of ratification.

5. Plaintiff's claims are barred or otherwise precluded by the doctrine of consent.

6. Plaintiff's claims are barred or otherwise precluded by the doctrine of laches.

Case 9:12-cv-81120-DTKH   Document 14   Entered on FLSD Docket 11/21/2012   Page 5 of 14

*ADT LLC v. Security Networks, LLC et al.*
*Case No.: 12-cv-81120-Hurley/Hopkins*
*Defendants' Answer, Affirmative Defenses and Counterclaim*

7. Plaintiff's claims are barred or otherwise precluded by the doctrine of unclean hands.

8. Plaintiff's alleged damages, if any, are a result of their own inability to compete, negligence, fault, and as a result, Plaintiff is barred from any recovery whatsoever.

9. Plaintiff's claims are barred because Defendants did not cause, either legally or proximately, any of the purported damages set forth in the Complaint.

10. Plaintiff's claims are barred by the doctrine of unconscionability.

11. Defendants reserve the right to amend this pleading as discovery is conducted and additional materials are discovered and to assert any after discovered affirmative defenses.

12. Plaintiff's Complaint lacks merit and has been asserted in bad faith to interfere with Defendants' legitimate business purposes; as such, Defendants are entitled to an award of attorneys' fees and costs incurred in defending this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court dismiss all of Plaintiff's claims for relief with prejudice, and award Defendants their costs and attorney's fees incurred in defending this action.

## COUNTERCLAIM

Defendants/Counterclaimants Vision Security LLC ("Vision") and Security Networks, LLC ("Security") hereby allege as follows:

1. Vision is a Utah corporation doing business in the State of Florida.

2. Security Networks, LLC is a Florida Limited Liability Company doing business in the State of Florida.

Case 9:12-cv-81120-DTKH   Document 14   Entered on FLSD Docket 11/21/2012   Page 6 of 14

*ADT LLC v. Security Networks, LLC et al.*
*Case No.: 12-cv-81120-Hurley/Hopkins*
*Defendants' Answer, Affirmative Defenses and Counterclaim*

3. Security engaged Vision to market, sell and install electronic security systems exclusively on behalf of Vision in areas mutually agreed upon by the parties.

4. ADT is a Delaware limited liability company with its principal place of business in Boca Raton, Florida.

5. Vision is a direct sales and fulfillment company that focuses on door-to-door sales of Alarm Systems and related services. Vision's business is seasonal in nature, with most of its door-to-door sales efforts occurring in the months of May through August (the "Sales Season"). During the other months of the year (the "Off-Season"), Vision focuses on recruiting additional salespeople and maintaining its current salespeople who will work for Vision during the following Sales Season. During the fall and spring months, Vision also continues to make sales. For Vision to succeed and be profitable, it is necessary for Vision to retain its clientele and sales-force from year to year and to continue to train and develop this sales-force and retain clients.

6. Vision's greatest assets are the goodwill that it develops with its client base and sales-force.

7. The direct sales industry is very competitive with companies offering to pay early termination/cancellation fees for customers in order to convince them to sign on with that particular company's products and services.

8. Vision's success depends on maintaining its clientele from year to year.

9. When Vision recruits a new salesperson, Vision invests a significant amount of time and money in training that person in direct marketing techniques and in the products and services sold by Vision. Vision makes this investment with the hope that the new customers will subscribe with Vision for many years to come in order to recoup Vision's investment.

*ADT LLC v. Security Networks, LLC et al.*
*Case No.: 12-cv-81120-Hurley/Hopkins*
*Defendants' Answer, Affirmative Defenses and Counterclaim*

10. Vision's sales efforts during the Sales Season focus on direct sales through offices set up throughout the United States. These offices are made up of several salespeople and are managed by a Manager in charge of that sales team and that region. The sales team meets daily as an entire sales-force for the office, led by the office manager. At these meetings, the Manager conducts training, goes over Vision's policies, outlines the sales-force's successes and failures, and discusses methods and techniques on how to be successful selling Vision's products and services.

11. As a result, in order to sell and fulfill its contracts, each year Vision expends millions of dollars in accommodations, equipment, materials, clothing, etc. to fulfill its contractual obligations to its customers.

12. On an account by account basis, it costs thousands of dollars for Vision to sign on a new client account and it takes several years of that client paying for services for Vision to show a profit for that account.

13. ADT and Vision compete in the same geographical areas.

14. As such, there are times when Vision sells an account to which ADT had previously been providing services.

15. ADT's former customers that have switched to Vision call ADT to cancel services, and in the process are routed to an ADT client retention line.

16. Upon information and belief, ADT and its representatives in the retention call centers have knowingly and intentionally spread falsehoods about Vision in order to retain the customers.  These telephone calls are recorded by ADT.

17. Upon information and believe, the ADT representatives use deceptive and nefarious methods to retain the ADT customer.

{4060776:}

Case 9:12-cv-81120-DTKH   Document 14   Entered on FLSD Docket 11/21/2012   Page 8 of 14

*ADT LLC v. Security Networks, LLC et al.*
*Case No.: 12-cv-81120-Hurley/Hopkins*
*Defendants' Answer, Affirmative Defenses and Counterclaim*

18. Many of these clients have signed contracts with Vision for Vision to install security systems and provide security services.

19. ADT and its representatives actually go so far in the process of retaining their clients that they will provide services even when it is a net loss to the company.

20. ADT, upon perceiving that Vision and its salespeople are targeting ADT accounts, have themselves began a campaign against Vision by making false statements about Vision, its security installers, its services, its systems, its ability to fulfill its contracts, and the viability of Vision.  The campaign has been intended to mislead (and is misleading) Vision's customers.  Accordingly, ADT is inducing Vision's customers to terminate services with Vision and to engage in new service contracts with ADT.

21. ADT has falsely indicated to Vision's customers that Vision is going out of business and/or selling its accounts to others.

22. ADT has falsely stated to Vision's customers that Vision's systems are inferior, outdated, and are in need of replacement.

23. Vision cannot at this time ascertain the damage that ADT has done to Vision, its reputation and goodwill, and the monetary damages caused to Vision, but it is expected the campaign is vast, and damages are mounting and growing exponentially.

**FIRST CAUSE OF ACTION**
(Unfair Competition 15 USC §1125(a)(1)

24. Vision and Security hereby incorporate and re-allege all previous paragraphs of this Counterclaim as though fully set forth herein.

25. ADT is engaged in selling security systems in various States throughout the United States.

*ADT LLC v. Security Networks, LLC et al.*
*Case No.: 12-cv-81120-Hurley/Hopkins*
*Defendants' Answer, Affirmative Defenses and Counterclaim*

26. Vision is engaged in selling security systems in various States throughout the United States.

27. Vision has been successful in taking a share of ADT's market share in key markets in the United States.

28. ADT and its Representatives and agents in its retention call center have enacted and implemented a plan wherein ADT will do whatever is necessary to retain a customer that has elected to switch services from ADT to Vision.

29. ADT and its Representatives and agents have knowingly and intentionally made false and misleading statements to customers switching from ADT's services to Vision's services. ADT's false and misleading statements are meant to confuse and deceive the Vision Consumers, and these statements are in fact confusing Vision's Customers and have caused a number of Vision consumers to remain with ADT when the Consumer would have otherwise changed services to Vision.

30. ADT's actions are interfering with Vision's relationship with its customers.

31. ADT's actions are irreparable in nature, and the result to Vision is a diminished goodwill and reputation in the industry.

32. ADT has demonstrated it will continue to engage in this misconduct if permitted to do so by this Court.

33. ADT's campaign is meant to target Vision consumers and special training is given to ADT representatives on how to handle Vision consumers and instructions are given on how to repeat the mantra of lies and deceit leveled at Vision.

34. The Court should enjoin ADT from engaging in this sort of activity in violation of 15 USC §1125(a)

Case 9:12-cv-81120-DTKH   Document 14   Entered on FLSD Docket 11/21/2012   Page 10 of 14

*ADT LLC v. Security Networks, LLC et al.*
*Case No.: 12-cv-81120-Hurley/Hopkins*
*Defendants' Answer, Affirmative Defenses and Counterclaim*

35. The Court should award Vision damages in an amount to be proven at trial, including treble damages, ADT's profits, and costs of suit.

## SECOND CAUSE OF ACTION
(Deceptive Trade Practices -  FLA§§ 501.201 ET SEQ.)

36. Vision and Security hereby incorporate and re-allege all previous paragraphs of this Counterclaim as though fully set forth herein.

37. ADT is engaged in selling security systems in various States throughout the United States.

38. Vision is engaged in selling security systems in various States throughout the United States.

39. ADT has intentionally represented to Vision customers that Vision's quality of services are minimal, its products are inferior, Vision just sells its accounts to larger companies and the customer's account will just be sold accordingly, and that Vision is just a small company and therefore unable to service its accounts – namely that consumer's accounts.

40. The intended effect of ADT's campaign against Vision is to keep or retain the ADT account regardless of the cost.

41. ADT goes so far in its efforts to retain the consumer, that when the lies and deceit concerning Vision will not retain the consumer, ADT representatives offer to reduce the price to a point that results in a net loss to ADT.

42. ADT's campaign is meant to target Vision consumers and special training is given to ADT representatives on how to handle Vision consumers and instructions given concerning how to repeat the mantra of lies and deceit concerning Vision.

{4060776:}

Page 10 of 14

Case 9:12-cv-81120-DTKH   Document 14   Entered on FLSD Docket 11/21/2012   Page 11 of 14

ADT LLC v. Security Networks, LLC et al.
Case No.: 12-cv-81120-Hurley/Hopkins
Defendants' Answer, Affirmative Defenses and Counterclaim

43. ADT's campaign is likely to confuse and mislead consumers concerning Vision, its ability to service its accounts, and the nature and quality of its services and systems.

44. ADT should be enjoined from these actions.

45. The Court should award Vision damages in an amount to be proven at trial, including treble damages, ADT's profits, and costs of suit.

### THIRD CAUSE OF ACTION
(Intentional Interference)

46. Vision and Security hereby incorporate and re-allege all previous paragraphs of this Counterclaim as though fully set forth herein.

47. Vision entered into a valid contract with its customers prior to ADT speaking with the consumer in ADT's call center.

48. Vision's consumers made it known to ADT that they had switched services from ADT to Vision.

49. ADT has intentionally and knowingly developed a campaign to retain ADT consumers at all costs.

50. ADT has done so for an improper purpose and using improper means notwithstanding the fact that Vision had actually entered into a contract with the consumers.

51. ADT's actions are intentional in nature and with full knowledge of the effect it has to confuse the consumers.

52. The Court should award Vision damages in an amount to be proven at trial, including punitive damages, ADT's profits, and costs of suit.

Case 9:12-cv-81120-DTKH   Document 14   Entered on FLSD Docket 11/21/2012   Page 12 of 14

ADT LLC v. Security Networks, LLC et al.
Case No.: 12-cv-81120-Hurley/Hopkins
Defendants' Answer, Affirmative Defenses and Counterclaim

# FOURTH CAUSE OF ACTION
(Defamation)

53. Vision and Security hereby incorporate and re-allege all previous paragraphs of this Counterclaim as though fully set forth herein.

54. ADT's campaign against Vision includes statements about Vision, its personnel, its services, its systems, its business strategies, its accounts, among other statements, that are completely inaccurate and false.

55. ADT's campaign is meant to mislead and confuse the consumer and have the effect of portraying Vision in a negative light.

56. ADT's campaign has significantly reduced Vision's sales and accounts, and has caused and continues to cause, significant loss of goodwill and reputation.

57. ADT's actions are intentional in nature and with full knowledge of the effect it has to confuse the consumers.

58. The Court should award Vision damages in an amount to be proven at trial, including punitive damages, ADT's profits, and costs of suit.

# PRAYER FOR RELIEF

WHEREFORE, Counterclaimants respectfully request the Court grant the following:

1. A judgment in favor of Counterclaimants for all compensatory damages, attorney's fees and costs incurred in defending against the lawsuit, and in prosecuting the Counterclaim, in an amount to be determined at trial.

2. For such other relief as this Court deems just and equitable.

*ADT LLC v. Security Networks, LLC et al.*
*Case No.: 12-cv-81120-Hurley/Hopkins*
*Defendants' Answer, Affirmative Defenses and Counterclaim*

## JURY DEMAND

Counterclaimants Security and Vision demand a jury trial of all issues triable to a jury.

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2012 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on C. Sanders McNew, Esq., Counsel for Plaintiff, McNew P.A., 2385 N.W. Executive Center Drive, Suite 100, Boca Raton, FL 33431 or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       MCDONALD HOPKINS
       Attorneys for *Defendants*
       505 S. Flagler Drive, Suite 300
       West Palm Beach, FL 33401
       Phone: (561) 472-2121
       Facsimile: (561) 472-2122
       Email: pbernhardt@mcdonaldhopkins.com

       By: /s/Peter M. Bernhardt, Esq.
           Peter M. Bernhardt, Esq.
           Florida Bar No.: 969771

*ADT LLC v. Security Networks, LLC et al.*
*Case No.: 12-cv-81120-Hurley/Hopkins*
*Defendants' Answer, Affirmative Defenses and Counterclaim*

**ADT LLC V. SECURITY NETWORKS, LLC ET AL.**
**CASE NO.: 12-CV-81120-HURLEY/HOPKINS**
**SERVICE LIST**

| **Counsel for Plaintiff**: | **Counsel for Defendants** |
|---|---|
| C. Sanders McNew, Esq. | Peter M. Bernhardt, Esq. |
| McNew P.A. | pbernhardt@mcdonaldhopkins.com |
| 2385 N.W. Executive Center Drive | McDonald Hopkins LLC |
| Suite 100 | 505 South Flagler Drive, Suite 300 |
| Boca Raton, FL  33431 | West Palm Beach, FL  33401 |
| Telephone: 561.2990257 | Telephone: 561-472-2121 |
| Facsimile: 561.2993705 | Facsimile: 561-472-2122 |
| Email: mcnew@mcnew.net | **Via Electronic Filing by CM/ECF** |
| **Via Electronic Filing by CM/ECF** | |