UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No. 9:12-cv-81120-Hurley/Hopkins

ADT LLC,

     Plaintiff,

          v.

SECURITY NETWORKS, LLC, and
VISION SECURITY, LLC,

     Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff ADT LLC ("ADT"), through its undersigned counsel, brings this action
for damages and injunctive relief against Defendants Security Networks LLC
("Networks") and Vision Security, LLC ("Vision"), and in support alleges:

## SUMMARY OF THE CASE

1.    This is an action for damages, attorney fees and injunctive relief arising
from the defendants' deceptive trade practices.  Defendants' agents are interfering with
ADT's contracts with its customers in various markets throughout the United States by
making false and misleading statements intended to confuse ADT's customers.  For
example, defendants' agents are falsely telling ADT's customers that they represent
ADT, or that they are taking over ADT's customer accounts, or that ADT has left the
market, or that their ADT alarm systems are outdated and require "upgrading."  These
false statements are causing actual confusion among ADT's customers.  They violate

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq*., as well as ADT's rights against interference with its contracts under the Florida common law.

## PARTIES

2.      Plaintiff ADT is a Delaware limited liability company with its principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431.

3.      Defendant Networks is a Florida limited liability company with its principal place of business in Palm Beach County at 3223 Commerce Place, Suite 101, West Palm Beach, Florida 33407.  Networks' registered agent for service of process in Florida is NRAI Services, Inc., 515 East Park Avenue, Tallahassee, Florida 32301.

4.      Defendant Vision is a foreign limited liability company organized under the laws of Utah, with its principal place of business at 508 W 800 N, Orem, Utah 84057. Vision registered with the Florida Department of State to transact business in Florida in December 2007, and has been registered to do business in Florida continuously since then.  Vision's registered agent for service of process is API Processing, 3419 Galt Ocean Drive, Suite A, Fort Lauderdale, Florida 33308.  According to defendants' promotional literature, Vision has worked with Networks continuously at least since 2008 as Networks' "affiliate."  Together they acquire, equip, and monitor new security services customer accounts.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to section 1331 of title 28 because it presents a Federal question under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

6.     This Court has supplemental jurisdiction over the state-law claims also asserted in this action pursuant to section 1367(a) of title 28.

7.     Venue lies in this District pursuant to section 1391(b) of title 28 because defendants are found in this District, and because a substantial number of the events giving rise to the claims asserted in this Complaint occurred in this District.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.     ADT is the largest and best-known provider of electronic security services and equipment for homes and businesses in the United States.

9.     ADT provides security services and equipment nation-wide and is engaged in interstate commerce for the purposes of the Lanham Act.

10.     Networks, on information and belief, is an alarm monitoring company.  It acquires its customers through a network of over 250 "affiliates" like Vision.  These "affiliates" market Networks' services, and offer customers Networks contracts to sign. Once the affiliate completes the sale, the customer is left with a Networks yard sign, a Networks contract, and Networks contact information.  The affiliates act at all times as apparent agents of Networks.

11.     Vision has served at least since 2008 as a Networks affiliate, and is believed to be Networks' largest seller and installer of alarm equipment for Networks.

12.     On information and belief, Vision and other Networks affiliates seek to acquire ADT customers for Networks by soliciting ADT customers identified by the distinctive ADT sign that ADT's customers post on their premises to deter burglars.

13.     Vision and Networks' other affiliates solicit those ADT customers in Networks' behalf by making false statements and engaging in deceptive trade practices

that are intended to mislead (and are misleading) ADT's customers into believing that defendants represent ADT, and that they are simply providing an "upgrade" of the customers' ADT alarm systems, when in fact they are slamming the customers into new contracts with Networks.

14.     Networks condones, acquiesces in, and profits from its affiliates' solicitation of ADT customers by false and misleading sales pitches.  Although Networks appears itself not to sell its services directly to consumers, its affiliates sell Networks' services in Networks' behalf as Networks agents, such that Networks' affiliates' false and misleading sales pitches may be attributed to Networks.

15.     Defendants have falsely stated to ADT's customers that ADT is going out of business, or is exiting the customer's local market.

16.     Defendants have falsely stated to ADT's customers that they purchased the customers' accounts from ADT.

17.     Defendants have falsely stated to ADT's customers that their ADT security systems are outdated and unsafe, and incapable of protecting ADT's customers if a burglar cuts the telephone lines into the house.

18.     Defendants have falsely stated to ADT's customers that they are providing a needed "upgrade" to the customers' ADT security systems.

19.     Defendants have falsely stated to ADT's customers that they represent ADT, or are related to ADT.

20.      Defendants have falsely stated that they are a part of GE or Honeywell, the two best-known independent manufacturers of alarm equipment in the United States.

21.     Each of these statements is literally false.

22.     Defendants' false statements and deceptive practices are injuring ADT by causing ADT's customers to uninstall their ADT equipment, install defendants' equipment, terminate their ADT contracts, and execute new contracts for security services with defendants.

23.     As part of its business, ADT has developed confidential information regarding the identities and security system specifications of each of its customers.  This information is highly valuable within the industry, is not generally known or attainable by others, and is frequently the subject of expensive purchase agreements between competing security systems providers.  Defendants' collection of confidential ADT customer data while posing as ADT representatives amounts to a theft of ADT's trade secrets.

24.     Defendants, by falsely representing to ADT customers that their ADT security systems are outdated and vulnerable to burglars, or are in need of "upgrades," damage ADT's goodwill and reputation as a reliable provider of security services.

25.     As a result of defendants' practices, a number of ADT customers have unwittingly found themselves with defendants' systems installed in their homes, and with contractual obligations to both defendants and ADT.  In many instances, ADT has been required to send technicians to the deceived customers' houses to reinstall the removed ADT equipment, at considerable expense to ADT.  In others, the customers retained defendants' systems, and terminated their ADT contracts.

26.     Such practices violate statutory and common-law prohibitions against the use of false and deceptive statements in commerce.  They also violate the security systems industry's own Code of Ethics and Standards of Conduct, which requires that

companies "truthfully and clearly identify themselves by name … at the initiation of a

sales presentation, without request from the consumer," and which prohibits as common

deceptive sales practices, *inter alia*, (a) any claim that a competitor is going out of

business, (b) any claim that the company is taking over the competitor's accounts, or (c)

any offer of an "update" or "upgrade" of an existing system that requires the execution of

a contract with a new security services provider.

      27.    ADT has received well over 100 inquiries and complaints from its

customers relating to defendants.  The customers report visits from defendants'

representatives, and express confusion as to whether defendants are affiliated with ADT.

      28.    ADT's experience with customer inquiries and complaints such as these,

consistent with consumer complaint behavior generally, is that fewer than five percent of

such incidents are ever reported by customers to ADT.  ADT is unable to ascertain the

exact number of customers to whom defendants have made false and deceptive sales

pitches, but ADT expects the number to be large, and growing.

## COUNT I
## UNFAIR COMPETITION IN VIOLATION
## OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)

      29.    Plaintiff incorporates Paragraphs 1 through 28, as if set forth fully here.

      30.    Defendants, through their respective sales agents, have attempted to sell

their goods and services to ADT's customers through the use of false and deceptive

representations, including false claims of affiliation with ADT.

      31.    Vision and Networks' other affiliates knowingly made each of the false

statements to ADT's customers with the intent of deceiving them into confusing

defendants with ADT, and into contracting with defendants at the expense of ADT's

contracts and relationships with these customers.  Networks is aware of its affiliate agents' false sales pitches, acquiesces in them, and profits from them.

32.     Defendants' false and misleading sales pitches have created confusion among ADT's customers, and will continue to do so if permitted to continue.

33.     ADT has been and will continue to be damaged as a result of Defendants' false statements by the resultant market confusion, by the disruption of ADTs relationship with its customers, by the diversion of ADT's customers to defendants, by loss of confidential information relating to ADT's customers, and by damage to ADT's goodwill and reputation as a reliable provider of security services.

34.     ADT is entitled to an injunction pursuant to 15 U.S.C. § 1116(a) barring defendants from further violations of 15 U.S.C. § 1125(a).

35.     ADT is entitled to an award of trebled compensatory damages, as well as defendants' profits, and attorney fees and the costs of this action pursuant to 15 U.S.C. § 1117(a).

WHEREFORE, ADT respectfully requests that the Court enter judgment in its favor and against Defendants, and award the following relief:

a.     An order pursuant to 15 U.S.C. § 1116(a) preliminarily, and permanently thereafter, restraining and enjoining defendants, and their agents, servants, employees, officers, attorneys, successors and assigns, from violating the provisions of the Electronic Security Association Code of Ethics and Standards of Conduct as they pertain to the following types of misconduct:

(1) making any false or misleading statement, or a statement that is likely to or intended to confuse an ADT customer or potential customer, regarding any relationship between ADT and defendants or their agents; or

(2) making any false or misleading statement, or a statement that is likely to or intended to confuse an ADT customer or potential customer, regarding the function, performance, capabilities, specification, features, requirements, reliability, availability, origin, sponsorship, approval, or design of any ADT equipment, security systems, or services, or to misrepresent to any ADT customer that such customer's ADT security system is outdated or deficient; or

(3) making any false of misleading statement, or a statement that is likely to or intended to confuse an ADT customer or potential customer into believing that ADT is no longer doing business or has curtailed its services.

b.      An accounting of defendants' profits resulting from their deceptive practices, and payment of such profits to ADT;

c.      Compensatory damages, trebled, as provided by 15 U.S.C. § 1117(a), in an amount to be established at trial;

d.      Attorney fees and costs incurred in the prosecution of this action, as provided by 15 U.S.C. § 1117(a); and

e.      Such other and further relief as the Court may deem appropriate in the circumstances.

**COUNT II**
**VIOLATION OF THE FLORIDA DECEPTIVE & UNFAIR**
**TRADE PRACTICES ACT, FLA. STAT. §§ 501.201 ET SEQ.**

36.     Plaintiff incorporates Paragraphs 1 through 28, as if set forth fully here.

37.     Defendants, by selling security systems and services, are engaged in "trade or commerce" as defined in Section 501.203(8) of the Florida Statutes.

38.     Defendants have intentionally engaged in deceptive and unfair trade practices in violation of Section 501.204(1) of the Florida Statutes by falsely representing to ADT's customers that their ADT security systems are outdated and unsafe; that ADT's security systems are incapable of protecting ADT's customers from burglaries without "upgrades"; that defendants' agents are from ADT, or are affiliated with ADT; and that they will provide free "upgrades" to their ADT security systems without disclosing that they are competitors of ADT, seeking to replace ADT's equipment and services, not upgrade them.

39.     These practices are commonly recognized by industry members as deceptive and unfair trade practices that are intended to confuse and mislead consumers, and that have specifically been barred as such by the industry's code of ethics.

40.     Defendants' misrepresentations were likely to, and did, confuse and mislead ADT's customers as to the defendants' identity and affiliation, the status of ADT, and the reliability of ADT's products and services.

41.     ADT is entitled to injunctive relief pursuant to Section 501.211(1), Florida Statutes, as a Floridian aggrieved by defendants' violations of the Act.  Given the ongoing nature of defendants' misconduct, defendants are likely to continue to engage in such practices unless they are enjoined by this Court from further violations.

42.     ADT has been aggrieved by defendants' violations of the Act, and is entitled to its actual damages suffered as a result of those violations, plus its attorney fees and court costs as provided in Section 501.211(2) of the Florida Statutes.

WHEREFORE, ADT respectfully requests that the Court enter judgment in its favor and against Defendants, and award the following relief:

a.     An order pursuant to Fla. Stat. § 501.211(1) preliminarily, and permanently thereafter, restraining and enjoining defendants, and their agents, servants, employees, officers, attorneys, successors and assigns, from violating the provisions of the Electronic Security Association Code of Ethics and Standards of Conduct as they pertain to the following types of misconduct:

(1) making any false or misleading statement, or a statement that is likely to or intended to confuse an ADT customer or potential customer, regarding any relationship between ADT and defendants or their agents; or

(2) making any false or misleading statement, or a statement that is likely to or intended to confuse an ADT customer or potential customer, regarding the function, performance, capabilities, specification, features, requirements, reliability, availability, origin, sponsorship, approval, or design of any ADT equipment, security systems, or services, or to misrepresent to any ADT customer that such customer's ADT security system is outdated or deficient; or

(3) making any false of misleading statement, or a statement that is likely to or intended to confuse an ADT customer or potential customer

into believing that ADT is no longer doing business or has curtailed its

services.

      b.      Compensatory damages as provided by Fla. Stat. § 501.211(2), in

an amount to be established at trial;

      c.      Attorney fees and costs incurred in the prosecution of this action,

as provided by Fla. Stat. § 501.211(2); and

      d.      Such other and further relief as the Court may deem appropriate in

the circumstances.

**COUNT III**
**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

43.      Plaintiff incorporates Paragraphs 1 through 28, as if set forth fully here.

44.      A valid contract existed between ADT and each of its customers whom

defendants solicited.

45.      Defendants were well aware of these ADT contracts, and built their

deception upon the knowledge of these customers' contracts.

46.      Defendants intentionally procured the termination of these contracts.

47.      Defendants' encroachment into ADT's contracts with its customers was

accomplished through deception, without justification or legal privilege.

48.      Defendants' intentional interference with ADT's contracts caused ADT

harm.  ADT is entitled to compensatory and punitive damages as a result.

WHEREFORE, ADT respectfully requests that the Court enter judgment in its

favor and against Defendants, and award the following relief:

      a.      Compensatory damages in an amount to be established at trial;

      b.     Punitive damages in a sum sufficient to deter defendants from engaging in further deceptive sales tactics; and

      c.     Such other and further relief as the Court may deem appropriate in the circumstances.

## COUNT IV
## COMMERCIAL DISPARAGEMENT

49.     Plaintiff incorporates Paragraphs 1 through 28, as if set forth fully here.

50.     Defendants' sales activities include statements about ADT equipment and services that are false.

51.     Defendants' false and misleading statements demean the quality of ADT's goods and services.

52.     These false and misleading statements have caused and will continue to cause ADT to lose sales and good will, and to suffer injury to its reputation.

WHEREFORE, ADT respectfully requests that the Court enter judgment in its favor and against defendants, and award the following relief:

      a.     Compensatory damages in an amount to be established at trial;

      b.     Punitive damages in a sum sufficient to deter defendants from engaging in further deceptive sales tactics; and

      c.     Such other and further relief as the Court may deem appropriate in the circumstances.

**COUNT V**
**NEGLIGENCE**

53.     Plaintiff incorporates Paragraphs 1 through 28, as if set forth fully here.

54.     Defendants owed a duty of reasonable care to engage, supervise and control the agents they use to market and sell alarm systems.

55.     Defendants failed to exercise reasonable care in the engagement, supervision and control of their sales agents, thereby enabling the agents to engage in false and deceptive sales practices in the marketing of Defendants' alarm sales and monitoring businesses.

56.     Defendants' failure to exercise reasonable care in the engagement, supervision and control of their sales agents has injured ADT by confusing ADT's customers, by causing them to break their contracts with ADT, and by diverting new customers from ADT to Defendants by the use of false and deceptive sales pitches.

57.     Defendants' failure to exercise reasonable care in the engagement, supervision, direction and control of its sales agents constitutes negligence under the common law of Florida.

58.     Defendants' agents' violation of Section 43(a) of the Lanham Act constitutes negligence per se.

59.     ADT has been damaged, and continues to be damaged, by Defendants' negligence by reason of the losses ADT has suffered in customer accounts, disruption of its relations with its customers, loss of reputation and good will.

WHEREFORE, ADT respectfully requests that the Court enter judgment in its favor and against defendants, and award the following relief:

        a.       Compensatory damages in an amount to be established at trial;

and

        b.       Such other and further relief as the Court may deem appropriate

in the circumstances.

## <u>JURY DEMAND</u>

ADT demands a jury trial of all issues triable to a jury.


Dated:  June 28, 2013                Respectfully submitted,

                                        s/ C. Sanders McNew

                                      _____

                                      C. Sanders McNew
                                      mcnew@mcnew.net
                                      Florida Bar No. 0090561
                                      McNEW P.A.
                                      2385 NW Executive Center Drive
                                      Suite 100
                                      Boca Raton, Florida  33431
                                      Tel:  (561) 299-0257
                                      Fax: (561) 299-3705

                                      *Counsel for the Plaintiff, ADT LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of June, 2013, I caused true and correct copies of the foregoing Amended Complaint to be served by the CM/ECF service to counsel for Defendants as listed below:

> Scott Atherton, Esq.
> Harris Nizel, Esq.
> Peter M. Bernhardt, Esq.
> Sonny J. Olsen, Esq.

s/ C. Sanders McNew
_____
C. Sanders McNew