UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No. 9:12-cv-81120-Hurley/Hopkins

ADT LLC,

      Plaintiff,

           v.

SECURITY NETWORKS, LLC, and
VISION SECURITY, LLC,

      Defendants.

_____/

**ADT'S OPPOSITION TO DEFENDANTS' MOTION FOR
"CLARIFICATION" OF THE PRELIMINARY INJUNCTION**

ADT opposes defendants' motion to "clarify" the preliminary injunction they agreed to in this case, [DE 38], and states:

1.      ADT has now received fifty reports of defendants' 2013 violations of this Court's preliminary injunction [DE 36] – nearly half occurring in the past two months. Far from being the isolated excesses of a "rogue salesperson," [DE 66 at 5] the reported violations occur throughout the defendants' service areas in sixteen states:  Alabama, Arizona, California, Florida, Illinois, Kansas, Kentucky, Louisiana, Minnesota, Missouri, Nevada, New Mexico, Ohio, Tennessee, Texas and Utah. (Exhibits 1 & 2.)  The rate of reported violations is accelerating.  The Court's injunction appears to have had little (if any) effect in curbing defendants' false and deceptive sales pitches to ADT's customers.

2.      Notwithstanding this sorry record, ADT has not run to the Court with half-cocked contempt motions.  Instead, ADT has done exactly what Local Rule 7.1(a)(3) and

common sense require.  ADT has served defendants with notices of their violations, has served them with the documents it possesses that support the violations stated in the first set of noticed violations,[1] and has invited defendants to explain their sales agents' conduct with respect to these customers.  Defendants have promised responses to the first set of noticed violations on August 2.  ADT expects to complete its meet-and-confer obligations with both defendants before moving for contempt, if necessary.

3.      Instead, it is defendants who rush to the Court for relief – not to address or remedy their ongoing violations, but, rather, to "clarify" the injunction in an effort to make it yet more burdensome for ADT to seek relief under it.  [DE 66.]  Defendants nowhere acknowledge that the language they seek to "clarify" *is their own language*, added by the Court on Security Networks' motion.  [DE 35.]

4.      Security Networks sells alarm systems through defendant Vision and also through numerous nonparty "affiliate" sales agents.  At the December 3 hearing, Security Networks agreed to a preliminary injunction that required it in some circumstances to sever relations with nonparty agents proven to have violated the injunction.  Afterward, Security Networks complained that the injunction it had agreed to permitted ADT to seek relief where Security Networks' agents had "violated the terms of the injunction, even if the affiliate is not a party to this litigation."  [DE 35 at 5.]  Security Networks asked the Court to include safeguards to "obviate the need for this Court to enter orders which directly affect the rights of non-parties who may not have a meaningful opportunity to be heard in this action."  [DE 35 at 5.]  Consistent with its stated purpose of ensuring due process for nonparties, Security Networks drafted the safeguards to apply only "*in the*

---

[1]  ADT served its Second Notice only today.  (Exhibit 2.)  ADT will provide defendants with documents relating to the Second Notice's customers within the week.

*event that an affiliate that is not a party to this litigation is alleged to have violated the terms of this preliminary injunction.*" [DE 35-1.]  The Court adopted Security Networks' addition over ADT's objection.  [DE 38.]

5.      ADT has since brought fifty violations of the injunction to the defendants' attention.  ADT has not sought to enforce the injunction against any sales agent "that is not a party to this litigation."  Rather, it is conferring with the two parties defendant under Local Rule 7.1(a)(3) in anticipation of a contempt motion against only the defendants.  By their clear and appropriate terms – terms drafted by Security Networks itself – the procedural safeguards set forth in the injunction do not apply to enforcement of the injunction against the defendants, because the defendants are parties before the Court.

6.      Nor have defendants shown any reason to expand those safeguards here.  ADT is mindful of its obligations under Local Rule 7.1(a)(3), and it is making every effort to address defendants' unabated misconduct without need of Court intervention.  Defendants have offered no reason[2] why ADT should be saddled with the added formalities of the injunction's procedures (written notices, written oppositions, complete exchange of discovery relating to each violation, more conferences, specified intervals for each), that the Court ordered to protect the rights of *nonparty* sales agents. The parties should have the flexibility, consistent with their Local Rule 7.1(a)(3) obligations to each other and the Court, to confer and try to resolve disputes relating to their own conduct

---

[2]  Defendants wrongly suggest that undersigned counsel refused to confer with them. That is not true, as the Court may confirm by reviewing defendants' own email exhibit. [DE 66-1.]  Defendants also use this dispute to complain about the form of ADT's production of 1074 pages of customer files and other responsive documents as a "data dump." [DE 69 at 2.]  That complaint mischaracterizes the production, and it also exalts form over substance.  The "data dump" consists largely of form contracts and customer account computer screenshots, that if printed on paper would barely fill a Redweld, and that would take even an inexperienced attorney an hour at most to review.

under the injunction without the procedural burdens (and, with this motion as an example, the collateral litigation they invite) defendants seek to impose here in an effort to delay the consequences of these violations.

## CONCLUSION

The motion should be denied.

Dated:  August 1, 2013

Respectfully submitted,

s/ C. Sanders McNew

_____

C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
McNEW P.A.
2385 NW Executive Center Drive
Suite 100
Boca Raton, Florida  33431
Tel:  (561) 299-0257
Fax: (561) 299-3705

*Counsel for the Plaintiff, ADT LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this first day of August, 2013, I caused true and correct copies of the foregoing Motion to be served by the CM/ECF service to counsel for Defendants as listed below:

Scott Atherton, Esq.
Harris Nizel, Esq.
Peter M. Bernhardt, Esq.
Sonny J. Olsen, Esq.
John M. O'Bryan, Esq.
Meghan E. Tepas, Esq.
Terrence J. Sheahan, Esq.

s/ C. Sanders McNew
_____
C. Sanders McNew