UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No. 9:12-cv-81120-Hurley/Hopkins

ADT LLC,

    Plaintiff,

        v.

SECURITY NETWORKS, LLC, and
VISION SECURITY, LLC,

    Defendants.
_____/

**ADT'S OPPOSITION TO SECURITY NETWORKS' MOTION TO COMPEL**

ADT opposes Security Networks' motion to compel [DE 70] and states:

1.    Security Networks served 253 discovery requests. The vast majority of them ask about ADT's conduct and practices. But this case is about Security Networks' conduct, not ADT's. Defendants initially pled a counterclaim [DE 14] but dropped it. [DE 67, 68.] This case mirrors *ADT LLC v. Alarm Protection Technology*, No. 9:12-cv-80898 (Ryskamp/Hopkins), in which the defendant APT sought discovery of ADT's conduct to use in defense of ADT's Lanham Act and FDUTPA claims. The Court correctly denied discovery into ADT's conduct on grounds that it was not sufficiently relevant to the claims and viable defenses there asserted. *See* Transcript of Jan. 24, 2013, hearing (Exhibit 1) at 7-9. That conclusion is equally correct here.

2.    Security Networks argues [DE 70 at 1-2, 4-5] that ADT's operations are relevant here because ADT has alleged that it received "an unusual number" of customer

complaints about defendants, and that makes relevant whether it "took reasonable action and acted in good faith" not to violate the Lanham Act.  Both are non sequiturs.  *First*:  In fact, ADT *has* received a flood of complaints about both defendants.  ADT has learned of over sixty violations that occurred *after the Court entered its preliminary injunction in this case seven months ago*, surfacing in sixteen different states (Exhibits 2-4) – hardly the isolated work of a "rogue salesperson." [DE 70 at 4.]  The Better Business Bureau agrees:  It revoked Security Networks' accredited status in May 2012 because of the "pattern" of complaints its chapters are receiving about defendants' "deceptive sales practices from door-to-door sales." (Exhibit 5.) *Second*:  Defendants' good faith, as this Court already found in *APT*, is not a defense to their Lanham Act violations.  (Exhibit 6, at 7-8.) *Finally*:  There is no logical connection between ADT's conduct, or the "unusual number" of alleged violations, or defendants' good faith, and the *one relevant question* before the Court:  Whether *defendants'* false sales pitches confuse the market.

   3. Security Networks asks the Court to compel ADT to "produce all unobjected-to documents," and to produce a privilege log. [DE 70 at 2-3.]  ADT has already produced nearly all of its responsive files; it is still trying to determine whether it has produced all relevant audio recordings of customer calls, and will produce any others as soon as they are identified and prepared for production.   ADT did not prepare a privilege log because it withheld no documents from production on privilege grounds.

   4. Security Networks' insistence that ADT disclose its computer systems for discovery purposes [DE 70 at 3] is completely unfounded. Security Networks relies on Rule 26(g) and Part III.B.1.b of the District's discovery handbook, but neither supports its request.  Rule 26(g) simply imports Rule 11 into discovery.  The discovery handbook

nowhere requires a party to disclose the particulars of its databases and software. Nor is there any need to craft such a rule for this case. ADT's relevant production here is less than 1100 pages – two reams of paper, barely enough to fill a Redweld, most of which are copies of form contracts and computer screenshots about the accounts of the customers who have reported violations. This is not a big document case. Defendants have shown no reason to compel ADT to disclose its data platforms to its competitors.

5.     Security Networks asks the Court to compel ADT to produce the complete customer files of all complaining customers. [DE 70 at 3 & n.2.] But those files contain reams of irrelevant information that should not be produced. (Exhibit 1 at 4-6.)

6.     Security Networks demanded much discovery to defend against a claim of false commercial advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). [DE 70 at 4, *citing Optimum Techs v. Home Depot*.] But ADT does not allege a false advertising claim under that section. Rather, ADT pleads a claim for false statements that confuse consumers under Section 43(a)(1)(A). [DE 59 at 6-7, ¶¶ 30-33.]

7.     Finally, Security Networks complains that ADT did not provide "meaningful" disclosures of its damages, communications with customers, and the evidentiary basis for its claims. [DE 70 at 3 & n.3.] ADT has provided all materials in its possession in response to these requests. With respect to damages, ADT has provided a computation of damages in each of its five amended initial disclosures, and incorporated them by reference in its discovery responses. In fact, defendants have yet to disclose much material needed to compute damages in any meaningful way. With respect to customer communications, ADT has produced all information currently known by it regarding communications, and will provide any additional materials as discovered.

Dated:  August 5, 2013

Respectfully submitted,

s/ C. Sanders McNew

_____
C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
McNEW P.A.
2385 NW Executive Center Drive
Suite 100
Boca Raton, Florida  33431
Tel:  (561) 299-0257
Fax: (561) 299-3705

*Counsel for the Plaintiff, ADT LLC*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this fifth day of August, 2013, I caused true and correct copies of the foregoing Motion to be served by the CM/ECF service to counsel for Defendants as listed below:

> Scott Atherton, Esq.
> Harris Nizel, Esq.
> Peter M. Bernhardt, Esq.
> Sonny J. Olsen, Esq.
> John M. O'Bryan, Esq.
> Meghan E. Tepas, Esq.
> Terrence J. Sheahan, Esq.

                                        s/ C. Sanders McNew
                                        _____
                                          C. Sanders McNew