UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 12-cv-81120-Hurley/Hopkins

ADT LLC,

       Plaintiff,

vs.

SECURITY NETWORKS, LLC and
VISION SECURITY, LLC,

       Defendants.

_____/

## AGREED PERMANENT INJUNCTION

This matter having come before the Court on the agreed motion of Plaintiff ADT LLC and defendant Vision Security, LLC, and the Court without making any findings or ruling, but on the agreement of the parties, it is this 11th day of ~~August~~ September, 2013, hereby

ORDERED and ADJUDGED that defendant Vision Security, LLC, its affiliates (including, without limitation, Vision Home Security, Vision Security Group, Inc., and Vision Security Holdings, LLC) (collectively, "Vision Entities"), and their respective owners, members, managers, agents, servants, employees, independent contractors, officers, directors, attorneys, partners, subsidiaries, successors and assigns, or any transferee of the businesses or assets of any Vision Entity (collectively, "Vision"), and those acting in active concert with any of them, be and hereby are immediately and permanently hereafter enjoined with respect to the plaintiff, ADT LLC, and its affiliated entities, successors and assigns, ("ADT") as follows:

1. Vision shall not make any false statement regarding the function, performance, capabilities, specification, features, requirements, reliability, availability, or design of any ADT customer's equipment, security systems, or services, or to misrepresent to any ADT customer that such customer's ADT security system is outdated or deficient. Nothing in this paragraph shall operate to enjoin Vision from providing accurate information regarding differences in the functionality, equipment and services that Vision sells following an inspection of the potential customer's existing system.

2. Vision's agents shall:

   a. Carry an accurate photo identification card stating a Vision affiliation when meeting prospective customers in person, and show it to any customer who asks to see identification;

   b. Truthfully and clearly identify themselves to prospective customers by name, their company by name, and the purpose of their solicitation to the prospective consumer at the initiation of a sales presentation, without request from the consumer;

   c. Not generically identify themselves to prospective customers as being from "the alarm company" or "the security company" without also specifying Vision's name in the same sentence;

   d. Be properly licensed and registered in compliance with all applicable laws, ordinances and regulations;

3. Vision, directly or by its sales agents, shall not falsely state or imply any of the following to a potential customer;

   a. That ADT is going out of business or is in financial difficulty;

   b. That ADT does not exist;

   c. That ADT is changing or has changed its company name;

   d. That Vision is acquiring, merging with, has been taken over by, or is part of ADT;

   e. That Vision is acting on behalf of, or is otherwise acting with the consent or

      approval of ADT;

    f. That Vision is the "sister" company of ADT;

    g. That Vision manufactures the equipment used by ADT, or that Vision is from, represents, or is visiting on behalf of an alarm equipment manufacturer, including but not limited to General Electric and Honeywell, provided, however, that Vision may state that it is an authorized dealer of an equipment manufacturer if, at the time the statement is made, Vision has a contractual relationship with such manufacturer that confers dealership status upon Vision;

    h. That Vision is performing routine maintenance on ADT's equipment;

    i. Unless Vision's agent has actual knowledge of the condition or model of the potential customer's existing equipment, Vision's agent shall not state that any change proposed during a sales solicitation is an "update" or "upgrade" of the consumer's existing alarm system or alarm monitoring service agreement with ADT;

    j. That Vision, or any other entity, is "taking over" the monitoring of an ADT account or has purchased an ADT account from ADT;

    k. That ADT is not, or has stopped, monitoring the alarm system for that person, residence, or business;

    l. That ADT will no longer be able to monitor or service the alarm system for that person, residence, or business;

    m. That Vision is affiliated with, has the endorsement of, or is in any manner acting at the direction of any governmental or law enforcement agency without the prior approval of such governmental or law enforcement agency;

    n. That statistics or other information is accurate which is known to be false or misleading, and which Vision has not made a reasonable effort to objectively quantify or substantiate;

    o. Make any other representation to current or former customers of ADT in the marketing or sale of an alarm system that Vision's sales agent knows to be false when made; and it is further

4.    ORDERED and ADJUDGED that the parties will engage in a good-faith effort to resolve any and all allegations of a violation by Vision of the terms of this Permanent Injunction without Court intervention. In the event that Vision is alleged to have violated the terms of this

Permanent Injunction, the following procedure will apply:

    a. ADT shall notify Vision of the alleged violation, in writing, by stating the name and address of the customer, stating the date (if known) and nature of the alleged violation, and providing such non-privileged information as ADT may possess describing the alleged violation, including, if available, any customer declarations or audio recordings, but not including any private customer data not related to the violation such as Social Security numbers, bank account numbers, or alarm passcodes (the "Notice of Alleged Violation");

    b. Within fourteen (14) days of receiving a Notice of Alleged Violation, Vision shall investigate the violation and provide ADT with notice in writing of the steps taken and facts found in the investigation, a statement of whether the alleged violation was correct, and, if correct, the disciplinary action taken against the employee and remedial efforts made for the customer, along with all non-privileged records in Vision's control relating to the customer and the investigation (the "Response"); and

    c. Within seven (7) days of receiving the Response, ADT and Vision shall confer in an attempt to resolve the alleged violation without the necessity of Court intervention; and it is further

5. ORDERED and ADJUDGED that in the event ADT and Vision are unable to resolve any alleged violations amongst themselves through the procedures stated in the preceding paragraph, ADT may file a motion or proceeding with this Court alleging such violation. By agreement of the parties, both parties waive their right to a jury, and neither party may demand a jury to decide any of the claims or defenses presented at any such motion or proceeding. By agreement of the parties, the prevailing party in any such motion or proceeding shall be awarded its attorney fees and all costs incurred in it. In deciding any such motion or proceeding, the Court will consider whether the alleged violations involve more than a single sales agent. The Court reserves the right to grant ADT such relief as the Court finds appropriate in the circumstances; and it is further

6. ORDERED and ADJUDGED that this Injunction binds Vision immediately and permanently. This Injunction may not be dissolved or modified except under extraordinary

circumstances as provided by Rule 65(b)(5) of the Federal Rules of Civil Procedure, or upon a joint application by Vision and ADT to this Court for relief. This Court retains exclusive jurisdiction to hear and decide any requests to construe, enforce, modify or dissolve the Injunction, or to hear and decide any disputes otherwise arising from Vision's compliance with it.

    SO ORDERED.

                                              UNITED STATES DISTRICT JUDGE